UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL ANDRE PEAVY,

    Plaintiff,

v.                               Case No. 3:20cv5842-MCR-HTC

ESCAMBIA COUNTY JAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On or about September 23, 2020, Plaintiff, proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was unaccompanied by a filing fee or a motion to proceed *in forma pauperis*. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(C). Upon consideration of the matter, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose a pending federal action, failure to pay the filing fee, and failure to keep the Court advised of his mailing address, all of which constitute a failure to follow orders of the Court and a failure to prosecute.

## I.     FAILURE TO DISCLOSE

As an initial matter, Plaintiff failed to disclose his litigation history as required by the Court's complaint form.  At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." ECF Doc. at 8.  However, Plaintiff failed to disclose a federal action currently pending in the Northern District.

"A plaintiff's affirmative misrepresentation regarding [his] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)."  *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Under section IV of the complaint, titled "PREVIOUS LAWSUITS," the form instructs the litigant to list actions that they initiated in either state or federal court dealing with the same or similar facts as well as actions initiated in either state or federal court that relate to the litigant's incarceration or conditions of confinement.  ECF Doc. 1 at 4–5.  The form specifically warns that "failure to disclose *all* prior civil cases may result in the dismissal of this case.  If you are unsure

of any prior cases you have filed, that fact must be disclosed as well." *Id.* at 4. (emphasis added).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint, he had filed the following action under his name just five (5) weeks prior:

> *Peavy v. Corporation of the United States of America*, 3:20cv5732 (N.D. Fla.).

Plaintiff did not disclose this action. When a Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not condone false or misleading responses in any pleading filed before it. The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss the case without prejudice. *See Johnson v. Crawson*, 2010 WL 13801247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) federal case).

## II. FAILURE TO PAY FILING FEE, TO FOLLOW A COURT ORDER, TO KEEP THE COURT INFORMED OF CURRENT ADDRESS, AND TO PROSECUTE

As an additional grounds for dismissal and as stated above, Plaintiff failed to pay the requisite filing fee or file a complete motion to proceed *in forma pauperis*, when he filed his complaint as required by the Prison Litigation Reform Act and this Court's Local Rules, failed to follow a Court order to do so, and also failed to update his address with the Court  *See Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)) ("[T]he PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'"); N.D. Fla. Loc. R. 5.3.

On September 24, 2020, the Court entered an order directing the clerk to send Plaintiff a complete set of forms needed to complete the motion to proceed *in forma pauperis*, giving Plaintiff until October 15, 2020, to file the completed motion or pay the $400.00 filing fee.  ECF Doc. 3.  The Court stated in that Order that Plaintiff's failure to comply may result in a recommendation of dismissal.  Indeed, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim, enter a default

on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

On October 6, 2020, the Court's September 24 order was returned to the Court, with a notation that Plaintiff has been released from the Escambia County Jail. ECF Doc. 4. In the Notice to Pro Se Litigant provided to Plaintiff on September 24, 2020, Plaintiff was advised to update the Court on any changes to his mailing address so that he would receive court orders. ECF Doc. 2. The notice also warned Plaintiff that failure to update and maintain a current mailing address could result in dismissal of this case. *Id.* Thus, Plaintiff's "failure to receive the court's prior order, and his failure to comply with that court order, [are] entirely his own fault." *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018). Also, because Plaintiff has not updated his address, the undersigned finds issuing a show cause order to be futile.

Finally, Plaintiff has failed to file anything with this Court since filing his complaint. ECF Doc. 1. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

For all the reasons set forth above, the undersigned recommends that this action be dismissed without prejudice.  Because this is a recommendation of dismissal without prejudice, Plaintiff will not be prejudiced from bringing these claims in a new action.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 22nd day of October, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5842-MCR-HTC